IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff*, v. **KENDALL BRIAN MORGAN,** *Defendant.* | Case No. CR-00381 RAW |

## UNOPPOSED MOTION FOR PROTECTIVE ORDER

COMES NOW the United States of America, by and through United States Attorney Christopher J. Wilson, Assistant United States Attorney Jarrod Leaman, and Trial Attorney Avner Shapiro, and hereby submits the following Unopposed Motion for Protective Order to safeguard sensitive, medical records that will be provided to the defense during discovery. In support of the Motion, the Government sets forth:

1. On December 9, 2021, the Federal Grand Jury issued an Indictment charging the Defendant, the former Undersheriff of Le Flore County, with three counts of deprivation of rights under color of law for subjecting arrestees to excessive force.

2. This request is made pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure ("FRCP"), which provides: "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Upon request and proper showing by either party, the Court's broad discretion includes allowing non-disclosure or placing limitations on the use or "unwanted disclosure" of materials in the discovery process. *See Alderman v. United States*, 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where

1

appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect").

3.  Among the documents the United States wishes to provide to Defendant's counsel are sensitive medical records containing private, patient health information protected under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and an extensive amount of personally identifiable information ("PII"), including patient's names, addresses, telephone numbers, social security numbers, and dates of birth. The government avers that there is good cause to restrict the defendant's and the public's access to these sensitive medical records.

4.  To protect the sensitive patient health information and PII contained in the medical records the United States wishes to provide Defendant's counsel, The United States respectfully requests that a Protective Order be entered with the following provisions:

    a.  The United States will mark any medical record it provides in discovery as a "Sensitive Medical Records Covered by the Protective Order."

    b.  Defense counsel, may possess, but not reproduce (excluding the production of necessary working copies and trial exhibits) any of the medical records it receives.

    c.  Defense counsel and defendant shall not display or show medical records received pursuant to discovery to anyone, with the exception of the defendant, defendant's attorneys of record in this case, members of their staff, and attorneys representing plaintiffs who have filed suit against the Defendant for his alleged use of excessive force.

    d.  Defense counsel and defendant shall not otherwise provide original or copies of the medical records to any other person, including subsequently appointed or retained defense counsel, but excluding any staff of defense counsel or investigator and/or expert engaged by defense counsel, who will also be bound by the terms and conditions of

the protective order.

  e. Defense counsel may show the medical records to the Defendant, but the Defendant shall not be allowed to possess copies of medical records.

  f. Should the parties wish to attach any medical records to any pleading filed with the Court, those medical records shall be filed under seal.

  g. Defense counsel and defendant shall upon conclusion of this case dispose of all medical records received pursuant to discovery in one of two ways, unless otherwise ordered by the Court. The materials may be (1) destroyed or (2) returned to the United States. The Court may require a certification as to the disposition of any such materials.

  h. If defense counsel disagrees with the government's categorization of any record as Sensitive Medical Record, the defense will first attempt to resolve any disagreement through conferring with counsel for the United States. If defense counsel cannot resolve the disagreement, defense counsel may file a motion, under seal, explaining why such record should not be subject to this Order.

5. The undersigned attorney has contacted counsel for the Defendant and counsel advised he has no objection to the Government's requested relief.

WHEREFORE, premises considered, the United States of America respectfully requests that the Court issue a Protective Order and for all other relief the Court deems just and proper.

Dated: February 15, 2022

    Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney

JARROD LEAMAN, OBA# 22623
Assistant United States Attorneys
520 Denison Avenue
Muskogee, OK 74401
(918) 684-5100
Fax (918) 684-5150
jarrod.leaman@usdoj.gov

KRISTEN CLARKE
Assistant Attorney General

s/Avner Shapiro
AVNER SHAPIRO, D.C. Bar #452375
Trial Attorney,
Criminal Section,
Civil Rights Division
United States Department of Justice
950 Pennsylvania Ave., N.W.
Washington, District of Columbia 20530
Phone: (202) 598-9259
avner.shapiro@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 15, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.

                                                        s/ Avner Shapiro
                                                        AVNER SHAPIRO
                                                        Trial Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  *Plaintiff*,  v.  **KENDALL BRIAN MORGAN,**  *Defendant.* | Case No. CR-00381 RAW |

**ORDER ON GOVERNMENT'S MOTION FOR PROTECTIVE ORDER**

The United States has moved pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure for a protective order that governs the manner in which discovery containing Sensitive Medical Material is handled. The government further represents that defense counsel consents to this order.

For good cause having been shown, it is hereby ORDERED:

a. The United States will mark any medical record it provides in discovery as a "Sensitive Medical Record Covered by the Protective Order."

b. Defense counsel, may possess, but not reproduce (excluding the production of necessary working copies and trial exhibits) any of the medical records it receives.

c. Defense counsel and defendant shall not display or show medical records received pursuant to discovery to anyone, with the exception of the defendant, defendant's attorneys of record in this case, members of their staff, and attorneys representing

plaintiffs who have filed suit against the Defendant for his alleged use of excessive force.

d. Defense counsel and defendant shall not otherwise provide original or copies of the medical records to any other person, including subsequently appointed or retained defense counsel, but excluding any staff of defense counsel or investigator and/or expert engaged by defense counsel, who will also be bound by the terms and conditions of the protective order.

e. Defense counsel may show the medical records to the Defendant, but the Defendant shall not be allowed to possess copies of medical records.

f. Should the parties wish to attach any medical records to any pleading filed with the Court, those medical records shall be filed under seal.

g. Defense counsel and defendant shall upon conclusion of this case dispose of all medical records received pursuant to discovery in one of two ways, unless otherwise ordered by the Court. The materials may be (1) destroyed or (2) returned to the United States. The Court may require a certification as to the disposition of any such materials.

h. If defense counsel disagrees with the government's categorization of any record as Sensitive Medical Record, the defense will first attempt to resolve any disagreement through conferring with counsel for the United States.  If defense counsel cannot resolve the disagreement, defense counsel may file a motion, under seal, explaining why such record should not be subject to this Order.